989 F.2d 498
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Crane M. BIBERSTINE, Plaintiff-Appellant,
v.
Margaret L. MEJID, Supervisory Personnel Staffing
Specialist, in her official capacity, et al.,
Defendants-Appellees.
 No. 92-1807.
 United States Court of Appeals, Sixth Circuit.
 March 11, 1993.
 
 1
 Before BOGGS and BATCHELDER, Circuit Judges, and MANOS, Senior District Judge.*
 
 ORDER
 
 2
 Crane M. Biberstine, a pro se Michigan plaintiff, appeals a district court order dismissing his amended civil complaint construed as filed under the Age Discrimination in Employment Act, 29 U.S.C. § 633a. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking five years back pay and a suitable employment position, Biberstine sued three employees of the Department of Defense Dependents Schools (DoDDS). He alleged in his brief pleading that "the only mention by the [DoDDS] as to my age descrimination [sic] complaint is that they do not maintain data on the ages of people they hire or employ, and that I was not hired because of previous unacceptable performance as a teacher ... despite the terms of a settlement agreement, in which it is stated that ... the agency agrees to make a good faith effort to place appellant." Biberstine amended his complaint in order to add the official titles of the defendants and to indicate that he was suing them in their official capacities. The district court dismissed the case as frivolous, pursuant to 28 U.S.C. § 1915(d), after finding no allegation within the complaint that sounded in age or any other type of discrimination.
 
 
 4
 On appeal, Biberstine generally argues that the district court erred in dismissing his complaint as frivolous. He requests the appointment of counsel in his brief.
 
 
 5
 Upon review, we conclude that the district court did not abuse its discretion in dismissing Biberstine's complaint under § 1915(d). See Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). A complaint may be dismissed as frivolous only when the plaintiff fails to present any claim with an arguable or rational basis in law or fact. See Neitzke v. Williams, 490 U.S. 319, 325 (1989).
 
 
 6
 Biberstine's complaint lacks an arguable basis in law because it completely fails to set out a prima facie case of age discrimination or any other cognizable federal claim. Biberstine does not allege that he is in the protected age group, that he lost his job or was not rehired because of his age, or that he was replaced by a younger person. Courts are not required to conjure up unpleaded facts that might turn a frivolous claim into a substantial one. Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir.1987). Moreover, the district court did not abuse its discretion by denying Biberstine's second attempt to amend his complaint for non-compliance with court rules. In any event, the proffered second amended complaint does not cure the defects of the first two pleadings.
 
 
 7
 Accordingly, the district court's order, filed May 1, 1992, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable John M. Manos, Senior U.S. District Judge for the Northern District of Ohio, sitting by designation